IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

TYRONE JERRELL MOORE,

      Petitioner,

v.

STEVEN HARPE,

      Respondent.

Case No. 23-CV-048-JFH-GLJ

**OPINION AND ORDER**

Petitioner Tyrone J. Moore ("Moore"), a state prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Pontotoc County, Case No. CF-2008-374. Dkt. No. 1. Respondent Steven Harpe moved to dismiss Moore's petition on the basis that Moore failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Dkt. Nos. 9, 10. For the reasons discussed herein, the Court grants Harpe's motion and dismisses the petition.

**I.    BACKGROUND**

On March 12, 2009, Moore entered a plea of guilty in the District Court of Pontotoc County, Case No. CF-2008-374, to one count of assault and battery with a deadly weapon, in violation of Okla. Stat. tit. 21, § 652. Dkt. No. 10-16 at 1-7.[2] The state district court entered judgment on March 23, 2009, and sentenced Moore to a thirty-year term of imprisonment with all

---

[1] Because Moore appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] The Court's citations refer to the CM/ECF header pagination.

but the first eighteen years suspended. Dkt. No. 10-1 at 1-2. Moore did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Dkt. No. 10-2, at 5; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Twelve years later, on May 10, 2021, Moore filed an application for postconviction relief in the state district court. Dkt. No. 10-3 at 1-21. The district court denied the application on November 3, 2021, and the OCCA affirmed the determination on November 15, 2022. Dkt. No. 10-4 at 1-2; Dkt. No. 10-14 at 1-2.

Moore initiated his federal habeas action on February 8, 2023, alleging that the state court lacked jurisdiction to convict him because he is "a member of the Ponca tribe of Oklahoma [and] commit[t]ed his crime on Indian and/or unassigned lands." Dkt. No. 1 at 5. Moore also claims that his due process rights were violated in relation to his guilty plea. *Id.* at 13. Harpe contends that the petition must be dismissed pursuant to 28 U.S.C. § 2244(d)(1), due to the expiration of the limitations period governing Moore's action.

II.     DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### a. The Applicable Limitations Period

Moore has provided no argument regarding the commencement date of the limitations period. Because he has not alleged facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitations period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which his conviction became final by the expiration of his time to seek direct review. Moore was afforded ten days from March 23, 2009, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea. *See* Okla. Crim. App. R. 4.2(A). Moore failed to do so, and his judgment therefore became final on April 2, 2009. The one-year limitations period for seeking federal habeas relief began to run the following day, on April 3, 2009, and expired one year later, on April 5, 2010.[3] Section 2244(d)(1)(A) therefore bars Moore's federal habeas action absent statutory or equitable tolling or a showing of actual innocence.

### b. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral

---

[3] One year from April 3, 2009, was Saturday, April 3, 2010. Because this date fell on a Saturday, the limitations period "continue[d] to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Moore's deadline to seek federal habeas relief therefore expired on Monday, April 5, 2010.

3

review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").[4] Moore's 2021 application for postconviction relief was filed eleven years after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2).

While the one-year limitations period may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moore does not argue that he is entitled to equitable tolling, and nothing in his petition indicates that he diligently pursued his claims or that extraordinary circumstances precluded the timely submission of his action. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)). Similarly, Moore has not argued or demonstrated that the untimeliness of his petition is excusable under the doctrine of actual innocence. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (explaining that prisoners asserting actual innocence "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" (internal quotation marks omitted)).

---

[4] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

### III. CONCLUSION

Based on the foregoing, the Court grants Harpe's motion to dismiss the petition [Dkt. No. 9]. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Harpe's motion to dismiss [Dkt. No. 9] is GRANTED;

2. the petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is DENIED; and

4. a separate judgment shall be entered in this matter.

Dated this 30th day of April 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE